## ELIPHALET TRASK *vs.* JOHN MILLS.

A covenant to indemnify A. against all damages and costs which he may incur in consequence of indorsing any notes of B., past or prospective, relates only to indorsements made by A. for the accommodation and at the request of B., and does not extend to indorsements by A. of notes given him by B. for his own debts to him.

THIS was an action of covenant on the following instrument: " In consideration of one dollar, I hereby agree to indemnify and hold Eliphalet Trask harmless from all damages and costs which he may incur in consequence of indorsing any notes of Dean, Packard & Mills, past or prospective. Witness my hand and seal, this 6th day of February, 1849. In presence of Isaac Mills. John Mills. [seal ]"

The case was submitted to the court upon an agreed statement of facts, the material part of which was as follows: At the date of this instrument, Dean, Packard & Mills were car-builders, extensively engaged in business in Springfield, and were the tenants of the plaintiff, with whom, from the commencement of their business in 1848, to their failure in May, 1850, they had mutual accounts, for work and labor done, and materials furnished to each other. During this period, Dean, Packard & Mills were in the habit of giving the plaintiff, from time to time, in payment of rent, and for any balance of account that might be found due to him, their notes of hand payable on time at some bank in Springfield, which the plaintiff indorsed and got discounted. When the notes became payable, some of them were paid by Dean, Packard & Mills, and others were renewed either for the whole sum, or for a part, and in one or two instances, for a larger sum. The substituted notes were signed by Dean, Packard & Mills, and indorsed by the plaintiff. The two notes set out in the plaintiff's writ, and which were the subject of his claim, were notes of this description, given partly for rent, partly for a balance of account, and partly for goods sold; and had been discounted by the plaintiff at the banks where they were payable, and the proceeds thereof received by him. When they became due, Dean, Packard & Mills had gone into insolvency, and the notes were taken up and paid by the plaintiff. The circumstances under which the indemnity was given, and attending the giving of the same, are not material to be stated. The plaintiff had not indorsed any accommodation paper for Dean, Packard & Mills, either before or after receiving the covenant of indemnity, on which this action was brought.

*H. Vose,* for the plaintiff.

*W. G. Bates,* for the defendant.

DEWEY, J.   The object of this suit is the recovery from the defendant of the amount of two promissory notes of hand made by Dean, Packard & Mills to the plaintiff, and by him discounted at a bank, he indorsing the same, and thus becoming liable to the bank for the payment thereof. These notes were both given to the plaintiff by Dean, Packard & Mills, in

payment of rent due the plaintiff, and for articles of mer-chandise that were purchased of the plaintiff by the makers in the prosecution of their business as car-builders. The makers having failed before the maturity of the note, the plaintiff, as indorser, had been called upon to pay them, and had done so. He now seeks to recover the amount of these notes from the defendant, under the guaranty above recited.

The question is solely as to what is the true and proper construction of this instrument. That construction is to be given to it, which shall best accord with the intention of the parties as manifested by the instrument, looking at the situation of the parties, and the subject of the contract.

On the one side, it was contended that it is to have the extended application of an indemnity as to all notes that the plaintiff might choose to indorse, irrespective of any request of Dean, Packard & Mills, and would include an indorsement of the business notes of those parties given directly to the plaintiff, as payee. On the other hand, it is insisted that the sole purpose of this bond of indemnity was that of indemnifying the plaintiff against all losses that might arise by reason of the plaintiff's becoming an accommodation indorser for Dean, Packard & Mills, upon notes drawn by them for the purpose of obtaining loans at banks and elsewhere.

Taking this instrument in its most extended literal reading, it embraces all notes that the plaintiff should indorse. But this can hardly be supposed to have been within the intention of the parties, as this would have subjected the guarantor to an unlimited liability, extending to any note of Dean, Packard & Mills, in circulation at the time of their failure, if the plaintiff could be induced to indorse them, as he might very readily do, if he was fully indemnified by this instrument for all indorsements, irrespective of their being made at the request of Dean, Packard & Mills.

The case before us, it is true, does not require this extended application of this guaranty. But in considering whether it is to be taken to be a guaranty of all notes that the plaintiff might indorse, it is proper to look at the extent of the liability, as it would exist if the words of the guaranty were taken in their broadest literal terms.

Trask *v.* Mills.

Now it seems to us, that if the purpose had been to guaranty the debts of Dean, Packard & Mills to the plaintiff, created in their ordinary business transactions, for merchandise sold, or for rents of buildings, the promise to the plaintiff would have been direct to that effect. It would be in terms a guaranty of the debts of that firm due to the plaintiff. It certainly would be a novel and unnatural mode of guarantying the debts due to the plaintiff from Dean, Packard & Mills, to give the plaintiff a bond to indemnify him from all damages and costs which he might incur in consequence of indorsing any notes of Dean, Packard & Mills.

It would be a singular limitation or condition of liability as to such notes of the plaintiff, that the guaranty could not attach while the plaintiff held them, and could only be made effective by his indorsing them to some third person.

It seems to us that, from the nature of the instrument, and the course of business of these parties, the bond of indemnity had a limitation which must have been understood by both parties, namely, that it was to indemnify the plaintiff for any accommodation indorsement he might make for the firm of Dean, Packard & Mills, at their solicitation and request, and had no reference to the notes of said firm given to the plaintiff for their own proper debt, for the purchase of merchandise and ordinary business transactions.

He had asked no such guaranty, and it seems not adapted to such debts. It is true the language is that of indemnity for indorsing notes " past or prospective," and the case finds that there had been no previous accommodation indorsement by the plaintiff. This fact, however, may not have been known to the defendant, and the language may have been thus broadly stated in order to include all cases of accommodation indorsements for Dean, Packard & Mills.

We cannot avoid the conclusion, that this was intended by the parties as a guaranty of indemnity from the plaintiff, for accommodation indorsements, made by the plaintiff for that firm, at their solicitation, and was not designed to embrace the cases of notes given directly to the plaintiff as the real payee on a business note given to him for merchandise or rent

*Judgment for the defendant.*